

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~JOHN BEN SHEPPERD~~RD
**ATTORNEY GENERAL**

**AUSTIN 11, TEXAS**

Mrs. Mattie Reynolds, Secretary
State Board of Hairdressers and Cosmetologists
Littlefield Building
Austin, Texas

Dear Madam:

Opinion No. 0-3755
Re: What papers, correspondence,
files and books of the State
Board of Hairdressers and
Cosmetologists would be con-
sidered public records and
who would be privileged to
see or examine them?

Your request for an opinion of this department dated June 23, 1941, requires us to interpret Section 8 of Article 734b, Vernon's Annotated Penal Code, in the light of the above question which is contained in your communication. This provision of the Penal Code reads as follows:

"Sec. 8. The said Board shall keep a record of its pro-
ceedings. It shall keep a register of applicants for certifi-
cates showing the name of the applicant, the name and location
of his place of occupation or business, and whether the appli-
cant was granted or refused a certificate. The books and rec-
ords of the Board shall be prima facie evidence of matters
therein contained and shall constitute public records."

The words "papers, correspondence, files and books," are broad in their meaning, and of course, it would be impossible for this department to answer specifically by assuming the various and descriptive papers, corres-
pondence, files and books of many kind and character, which in all probability are contained in your office. It will be noted that the statute makes the "books and records" public records and our opinion herein will only treat and be concerned with those "books and records" in which the public have an interest.

In Words and Phrases, Volume 36, Permanent Edition, p. 533, it is said:

"A 'record' is a written memorial made by a public offi-
cer authorized by law to perform that function, the memorial
being intended to serve as evidence of something written, said
or done. Knights and Ladies of America v. Weber, 101 Ill.
App. 488."

The section of the statute above quoted, requires the Board to keep a record of its proceedings. By this is meant each act or step in the conduct of the official business of the Board, including the rules prescribed for its acts, and more particularly, the hearing conducted for the examination of applicants. Generally, where papers or correspondence are not read or considered in connection with the proceedings as evidence, material to the conduct of an examination and the granting or refusing of a license, the Board would not be required to include or by reference or otherwise record them as a part of the proceedings, constituting the "public record." The Board is not required to disclose to the public, communications between it and its own inspectors of a secret or confidential nature, not used in connection with or incorporated in the record as a part of the proceedings.

A specific answer therefore to the first part of the question can only be determined by the kind and character of each paper, letter, file and book, the use to which each is made, and whether it is material as a part of the proceedings or minutes of the Board. We do not believe that every paper, communication or book that finds its way to the files or archives of the Board constitute a part of the "public record" or does this act make them so.

The fact that the Act makes books and records prima facie evidence of matters contained therein "public records," denotes that they are to be opened to the inspection of the public. Generally, the word "public" is used in a restrictive sense and refers only to members of the public who can show an interest therein. While the minutes of the Board and rules promulgated possibly concern the public at large, only those members who are parties to the proceedings in the conduct of the examination and their representatives are likely to be concerned with or show an interest in an applicant's examination proceedings.

Just as the word "public" as to certain records is used in a restrictive sense, so the right of inspection of such records is qualified. Texas appears to follow the rule which prevails in certain jurisdictions to the effect that a person seeking access to public records must have an interest in the record or paper of which inspection is sought, and that the inspection must be for a legitimate purpose. In the case of Palacios, et al v. Corbett, et al, (Tex. Ct. Civ. App.) 172 S. W. 777, writ refused, the court said:

> "There being no decisions of our own courts upon this matter, so far as we have been able to ascertain, we have had recourse to the decisions of the courts of other common-law states, and conclude that the opinion of the Supreme Court of Tennessee, in the case of State ex rel. Welford v. Williams, 110 Tenn. 549, 75 S. W. 948, 64 L. R. A. 435, constitutes the best statement of the rules of law which should be applied to this character of case. We quote from said opinion as follows:
>
> "'In theory the right of examination is absolute, but in practice it is at last only a matter of discretion, because such application is likely at any time to be refused on the part of

the custodian of the books and papers sought to be examined, and then the right must be forced by mandamus, and this writ is not of absolute right, but merely of discretion, to be awarded only in a proper case; the facts claimed as authorizing its issuance to be judged of in every case by the court, and the writ to be awarded or withheld upon a consideration of all the circumstances presented. So, while the right is, in theory, absolute, yet it is in practice so limited by the remedy necessary for its enforcement as that it can be denominated only a "qualified right."'"

It is therefore the opinion of this department that such papers, written memoranda, letters and books evidencing official acts of the Board and recorded as a part of the proceedings thereof, other than secret or confidential matters, constitute the "public record" of the State Board of Hairdressers and Cosmetologists, open to the inspection of members of the public or their duly appointed representative as they might show an interest therein. This does not mean that a person has the right to examine all or a part of the records indiscriminately but he can be required to prove his interest and right of inspection of that part of the record in which he can show an interest and to this end, the Board may formulate reasonable rules and regulations under which timely and proper inspection may be had in proper cases.

Yours very truly

APPROVED JUL 12, 1941                    ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

FIRST ASSISTANT                          By  /s/ Wm. J. R. King
ATTORNEY GENERAL                             Wm. J. R. King
                                                 Assistant

WJRK:RS:LM


                            APPROVED
                            OPINION
                            COMMITTEE
                            BY /s/ BWB
                             CHAIRMAN